Wilde, J.
This is an action upon the case for a deceit. The declaration alleges that the defendant falsely and deceitfully represented himself as an agent of the town of Dudley, and authorized by the said town to enter into a contract with the plaintiffs for the erection of a certain bridge over a river and road within said town, whereby the plaintiffs were induced to expend a large sum of money, which the town of Dudley, not being liable to refund, refused so to do. To maintain the action, the plaintiffs must prove that the defendant made the false affirmation or representation, as alleged in the declaration^ *528 and that the plaintiffs, giving credit thereto, have incurred a liability whereby they have been subjected to a loss or damage. Tryon v. Whitmarsh, 1 Met. 1.
It is averred in the declaration, that the defendant falsely and deceitfully represented himself to the plaintiffs as the agent of the town of Dudley, and authorized by the said town to enter into a contract with the plaintiffs for the erection of the bridge mentioned in the declaration. The truth of this averment is denied by the defendant’s counsel, and is not, as it seems to us, sustained by the facts agreed. This, however, is a question of fact, which the court are not authorized to decide ; but as we are of opinion that, upon the facts agreed, a jury would not be warranted to find for the plaintiffs on this point, there seems to be no good reason for discharging the statement of facts upon which the parties have submitted the case to the decision of the court. It does not appear that the defendant represented himself as the agent of the town of Dudley, authorized by them to make the contract as alleged. He assumed to act as one of the selectmen of the town of Dudley; and if he mistook his authority, that would not support the charge against him of fraud or deceit, although it might perhaps make him liable on an implied promise.
Another objection, made by the defendant’s counsel, seems to us to be decisive in his favor. No representation appears to have been made to the plaintiffs, or to their agents, or selectmen. The defendant, on the part of the town of Dudley, and two of the selectmen of the town of Webster, on the part of that town, contracted with Slater to cause the bridge to be rebuilt at the joint and equal expense of the two towns. And this is the only act by which the defendant appears to have assumed an authority to bind the town; and if this is considered as a representation that he had authority so to do, it was a representation made to Slater, and he alone can maintain an action for the false affirmation. The letter, written by the defendant and Davis to the selectmen of Webster, is clearly no representation that they, or either of them, had authority to bind the town. And it is clear that the plaintiff town by *529 paying Slater, did not acquire the right to maintain an action in their own name.
Another objection to the action remains, which we also think is well founded. From the facts agreed it appears that the town of Dudley was not authorized to build any part of the bridge in question. The road laid out in 1734 had been discontinued before the bridge was rebuilt, and the roads established by prescription do not appear to have crossed the river. But it does appear, that the Central Turnpike Corporation located their road over the said bridge; and that corporation, or those who purchased their franchise, were alone obligated by law to repair or to rebuild the bridge. We are therefore of opinion, that on no ground can this action be maintained.

Plaintiffs nonsuit